IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ARCHOLLIS LARMOR JOHNSON,<br><br>        Defendant. | 4:23-CR-3016<br><br>TENTATIVE FINDINGS |

    The Court has received the revised presentence investigation report in this case. The defendant has objected (filing 47) to the presentence report and filed a motion (filing 49) for downward variance.

    IT IS ORDERED:

1.     The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)     give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)     resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has moved for a downward variance based on his personal circumstances, the circumstances of the offense, and the Court's decision in *United States v. Havel*, No. 4:21-CR-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). Filing 49. The Court will resolve that motion at sentencing.

The defendant has also objected to the presentence report based on *Havel*. Filing 47. That objection will be tentatively overruled. As the Court explained in *Havel*:

> Variance is a question for the Court, but the probation officer's obligation in completing the presentence report is to calculate the guidelines range as the guidelines are written, and here the guidelines themselves clearly provide that methamphetamine (actual) should be used to determine the

> base offense level where the evidence establishes that methamphetamine (actual) was part of the offense conduct or relevant conduct. *See* [U.S.S.G.] § 2D1.1 cmt. n.5.

2023 WL 1930686, at *2 n.2. Because it appears to the Court that the guidelines were correctly applied in this case, the Court's tentative conclusion is that the defendant's objection is without merit. Any disagreement with the Guidelines themselves is taken up as a variance, not an objection to the presentence report.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

- 4 -

6.     Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of April, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge